# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:20-cr-00040-MR-WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| JEFFREY ALLEN BULEY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Government's Motion to Seal [Doc. 28].

The Government moves the Court for leave to file an unredacted version of its Sentencing Memorandum concerning restitution under seal in this case. For grounds, counsel states that, although the names of the minor victims are not given, the unredacted memorandum includes personal information concerning these minors, including such information as the "series name" and pseudonyms. [Doc. 28]. The Government has filed a redacted version of the memorandum in the public record. [Doc. 28-1].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable

opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). In the present case, the public has been provided with adequate notice and an opportunity to object to the Government's motion. The Government filed its motion on April 29, 2021, and it has been accessible to the public through the Court's electronic case filing system since that time. In addition to filing his motion, the Government has filed a redacted version of the Sentencing Memorandum that is accessible to the public. [Doc. 28-1]. Further, the Government has demonstrated that the redacted portions of the memorandum contain sensitive information and that the public's right of access to such information is substantially outweighed by the Government's competing interest in protecting the details of such information. See United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). Finally, having considered less drastic alternatives to sealing the document, the Court concludes that sealing of the unredacted memorandum is necessary to protect the privacy interests of the minor victims.

Accordingly, the Government's Motion to Seal is granted, and counsel shall be permitted to file an unredacted version of its restitution memorandum under seal.

**IT IS, THEREFORE, ORDERED** that the Government's Motion to Seal [Doc. 28] is **GRANTED**, and the Government's unredacted Sentencing Memorandum [Docs. 29] shall be filed under seal and shall remain under seal until further Order of the Court.

**IT IS SO ORDERED.**

Signed: May 4, 2021

Martin Reidinger
Chief United States District Judge